**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

CHARLES ALEX LAWSON

            Plaintiff,

    v.

DICK SPORTING GOODS, INC., et
al.,

            Defendants.

Civ. No. 1:22-cv-01560-NLH-MJS

**OPINION**

**APPEARANCES**:

CHARLES ALEX LAWSON
48710-591304B
HUDSON COUNTY JAIL
30-35 HACKENSACK AVE
KEARNEY, NJ 07032

    *Plaintiff <u>Pro</u> <u>Se</u>*

KIMBERLY A HOUSE
MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN
2000 MARKET STREET
SUITE 2300
PHILADELPHIA, PA 19103

    *Attorney for Defendants*

<u>**HILLMAN**</u>, District Judge

Before the Court is Defendant Edward Stack's Motion to Dismiss (ECF 3). For the reasons expressed below Defendant's Motion to Dismiss will be granted.

## BACKGROUND

On January 29, 2018, Plaintiff Charles Alex Lawson
("Plaintiff") was arrested and charged with shoplifting from
Dick's Sporting Goods located at 3849 S. Delsea Drive, Vineland,
New Jersey 08360.  (Amended Complaint, ECF 5-1 at 2).  In his
complaint, Plaintiff asserts that he was "racially discriminated
against" and was "wrongfully arrested by impermissible
suggestive Identification procedures mistakenly identified for
shoplifting."  (Id.).  He explains that pursuant to this arrest
he was incarcerated for five months while awaiting trial.
(Id.).  At trial on August 12, 2019, a jury found Plaintiff not
guilty.  (Id.).

On July 22, 2021, Plaintiff filed his original complaint in
the Superior Court of New Jersey in Cumberland County, docket
number L-000527-21.  (Complaint, ECF 5-3 at 3).  Plaintiff filed
this complaint against "Dick Sporting," "Edward Stacks," and
"Loss Prevention."  (Id. at 2-3).  On August 30, 2021, Plaintiff
filed an Amended Complaint, listing defendants as "Dicks
Sporting Goods Corp.," "Lost Prevention," and "Ed Stack
Executive Chairman."  (ECF 5-1 at 2).  In his complaint,
Plaintiff alleges counts for (1) defamation, (2) negligence, (3)
false imprisonment, and (4) wrongful arrest.  (Id. at 2-3).  On
February 5, 2022, the New Jersey Superior Court dismissed
Defendants Dicks Sporting and Loss Prevention without prejudice

2

for lack of prosecution.  (ECF 3-3 at 2).  The New Jersey
Superior Court also issued a Lack of Prosecution Dismissal
Warning as to Edward Stack.  (ECF 1-11).  However, a dismissal
order was not entered, presumably because a return of Summons
was docketed on March 9, 2022 related to Edward Stack.  (ECF 1-
13).

On March 21, 2022, Lost Prevention,[1] Ed Stack, and Dick's
Sporting Goods, Inc.[2] (collectively, "Defendants") filed a Notice
of Removal.[3]  Following this Court's Order to Show Cause,

---

[1] We note that this alleged defendant is listed as "Loss
Prevention" in the first complaint and "Lost Prevention" in the
amended complaint.  The federal court docket lists this party as
Lost Prevention.  As explained in Defendants' Amended Notice of
Removal "Lost Prevention", or more likely "Loss Prevention",
appears to be a reference to an unit or department of state
court Defendant Dick's Sporting Goods, Inc. rather than a
separate corporate entity amenable to suit.  (ECF 5 at 4).

[2] We note that Plaintiff listed this defendant as "Dick Sporting"
in his first complaint and "Dicks Sporting Goods Corp." in the
amended complaint.  The federal docket lists this party as
"Dick's Sporting Goods Corp."  The correct entity is "Dick's
Sporting Goods, Inc."  (ECF 5 at 1).

[3] We are unable to discern why Defendant Dick's Sporting Goods,
Inc. joined in the removal petition as review of the New Jersey
Superior Court record indicates that they had been dismissed as
a party defendant prior to removal for lack of prosecution.  As
noted later in this Opinion, because Dick's Sporting Goods, Inc.
was dismissed as a Defendant prior to the removal petition and
because Loss Prevention is not a separate entity amenable to
suit Edward Stack is the only Defendant properly before this
Court.  See Smith v. Toyota Motor Sales, U.S.A. Corp., No. 06-
2788, 2007 WL 1585157, at *3 (D.N.J. May 31, 2007) (remanding
case for lack of subject matter jurisdiction where case had been
dismissed without prejudice by the New Jersey Superior Court);
Castano v. Signature Flight Support LLC, No. 22-2277, 2022 WL

Defendants filed an Amended Notice of Removal on April 5, 2022
providing additional information regarding the citizenship of
the parties.  (ECF 5).

On March 25, 2022, Defendant Edward Stack ("Defendant" or
"Defendant Stack") filed a Motion to Dismiss.  (ECF 3).  On
April 7, 2022, Plaintiff filed a letter seeking the appointment
of *pro bono* counsel.  (ECF 6).  That same day Plaintiff also
filed an Affidavit in support of his complaint.  (ECF 7).  On
April 11, 2022, Plaintiff filed a Brief in Response to
Defendant's Motion to Dismiss.  (ECF 8).[4]  Defendant Stack filed
a Reply on April 11, 2022, in response to Plaintiff's April 7,
2022 letter and affidavit (ECF 9), and filed another Reply on

_____

17070123, at *3 (D.N.J. Oct. 27, 2022), report and
recommendation adopted sub nom. Castano v. Signature Flight
Support, LLC, No. 22-2277, 2022 WL 17069664 (D.N.J. Nov. 17,
2022) (same).  This observation does not cast doubt on the
validity of the removal petition as it was also brought on
behalf of Stack who remained a defendant at the time of removal.

[4] Defendant asks this Court to disregard Plaintiff's response as
untimely.  (ECF 10 at 4-6).  This Court has discretion to
consider an untimely response.  See Simpson v. City of Atl.
City, No. 04-4537, 2007 WL 869528, at *1 (D.N.J. Mar. 20, 2007).
Given the circumstances of Plaintiff's incarceration and the
fact that he is *pro se*, this Court will consider Plaintiff's
response.  Defendant also asked the Court to disregard new
allegations included in Plaintiff's response that did not appear
in Plaintiff's Amended Complaint.  (ECF. 10 at 6-7).  Similarly,
this Court will consider these allegations for purposes of this
motion.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) ("A
document filed pro se is 'to be liberally construed,' and 'a pro
se complaint, however inartfully pleaded, must be held to less
stringent standards than formal pleadings drafted by lawyers,'")
(citations omitted).

April 13, 2022 in response to Plaintiff's April 11, 2022

Response Brief.  (ECF 10).  Finally, on April 21, 2022,

Defendant filed a Response to a "motion for judgment" that

Plaintiff filed in state court before this action was removed.

(ECF 11).

## DISCUSSION

### I.   Subject Matter Jurisdiction

This Court has subject matter jurisdiction under 29 U.S.C.

§ 1332 as it relates to Defendant Stack.

This Court does not have subject matter jurisdiction over

the claims as they relate to Dick's Sporting Goods or Loss

Prevention, to the extent the latter is subject to suit, as

these parties were dismissed without prejudice by the New Jersey

Superior Court.  Smith v. Toyota Motor Sales, U.S.A. Corp., No.

06-2788, 2007 WL 1585157, at *3 (D.N.J. May 31, 2007) (remanding

case for lack of subject matter jurisdiction where case had been

dismissed without prejudice by the New Jersey Superior Court);

Castano v. Signature Flight Support LLC, No. 22-2277, 2022 WL

17070123, at *3 (D.N.J. Oct. 27, 2022), report and

recommendation adopted sub nom. Castano v. Signature Flight

Support, LLC, No. 22-2277, 2022 WL 17069664 (D.N.J. Nov. 17,

2022) (same).  Accordingly, the only party defendant before this

Court is Defendant Stack.

## II.  Motion to Dismiss

### a. Standard for Motion to Dismiss for Lack of Personal Jurisdiction

Federal Rule of Civil Procedure 12(b)(2) provides for dismissal of an action when the Court does not have personal jurisdiction over a defendant.  "Once challenged, the plaintiff bears the burden of establishing personal jurisdiction." O'Connor v. Sandy Lane Hotel Co., Ltd., 496 F.3d 312, 316 (3d Cir. 2007) (citing Gen. Elec. Co. v. Deutz AG, 270 F.3d 144, 150 (3d Cir. 2001)).  A Rule 12(b)(2) motion "is inherently a matter which requires resolution of factual issues outside the pleadings, i.e. whether in personam jurisdiction actually lies." Patterson by Patterson v. F.B.I., 893 F.2d 595, 603-04 (3d Cir. 1990) (quoting Time Share Vacation Club v. Atlantic Resorts, Ltd., 735 F.2d 61 n.9 (3d Cir. 1984)) (quotations and other citations omitted).  "Once the defense has been raised, then the plaintiff must sustain its burden of proof in establishing jurisdictional facts through sworn affidavits or other competent evidence."  Id.  "[A]t no point may a plaintiff rely on the bare pleadings alone in order to withstand a defendant's Rule 12(b)(2) motion to dismiss for lack of in personam jurisdiction," and "[o]nce the motion is made, plaintiff must respond with actual proofs, not mere allegations."  Id.

A defendant is subject to the jurisdiction of a United States district court if the defendant "is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located." Fed. R. Civ. P. 4(k)(1)(A). "A federal court sitting in New Jersey has jurisdiction over parties to the extent provided under New Jersey state law." Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 96 (3d Cir. 2004) (citations omitted). The New Jersey long-arm statute "permits the exercise of personal jurisdiction to the fullest limits of due process." IMO Indus., Inc. v. Kiekert AG, 155 F.3d 254, 259 (3d Cir. 1998) (citing DeJames v. Magnificence Carriers, Inc., 654 F.2d 280, 284 (3d Cir. 1981)).

There are two types of personal jurisdiction, general personal jurisdiction and specific personal jurisdiction. "General jurisdiction exists when a defendant has maintained systematic and continuous contacts with the forum state." Marten v. Godwin, 499 F.3d 290, 296 (3d Cir. 2007). "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home." Daimler AG v. Bauman, 571 U.S. 117, 137 (2014) (citations omitted). Specific jurisdiction may be present when the cause of action arises out of the defendant's conduct in the forum state. Remick v. Manfredy, 238 F.3d 248,

7

255 (3d Cir. 2001) ("[S]pecific jurisdiction is present only if the plaintiff's cause of action arises out of a defendant's forum-related activities, such that the defendant should reasonably anticipate being haled into court in that forum.") (citations and internal quotations omitted).

A court in assessing the existence of specific jurisdiction undertakes a two-part test.  <u>Trinity Packaging Supply, LLC v. Countrywide Pallet, Inc.</u>, 2019 WL 2611101, at *4 (D.N.J. June 26, 2019).  First, the Court must determine whether there is jurisdiction pursuant to the state's long arm-statute.  Second, the Court must determine whether jurisdiction over the party comports with the Due Process clause.

Under the Due Process clause, the exercise of personal jurisdiction over a non-resident defendant is appropriate when the defendant has "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" <u>Int'l Shoe Co. v. Washington</u>, 326 U.S. 310, 316 (1945) (<u>quoting</u> <u>Milliken v. Meyer</u>, 311 U.S. 457, 463 (1940)).  A defendant establishes minimum contacts by "'purposefully avail[ing] itself of the privilege of conducting activities within the forum State,'" thereby invoking "'the benefits and protections of [the forum State's] laws.'"  <u>Asahi Metal Indus. Co., Ltd. v. Sup. Ct. of California</u>, 480 U.S. 102, 109 (1987) (<u>quoting</u> <u>Burger King</u>

8

Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985)).  This "purposeful availment" requirement assures that the defendant could reasonably anticipate being haled into court in the forum and is not haled into a forum as a result of "random, fortuitous or attenuated" contacts with the forum state.  Burger King Corp., 471 U.S. at 475 (internal citations omitted).

In deciding whether a defendant's contacts with a forum are sufficient to confer personal jurisdiction over that party, the Court must consider whether such contacts are related to or arise out of the cause of action at issue in the case.  The Court may exercise specific personal jurisdiction over a defendant where the cause of action is related to or arises out of activities by the defendant that took place within the forum state.  Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 n.8 (1984).

Once the Court determines that the defendant has minimum contacts with the forum state, it must also consider whether the assertion of personal jurisdiction over the defendant "comport[s] with 'fair play and substantial justice'" to satisfy the due process test.  Burger King Corp., 471 U.S. at 476 (quoting Int'l Shoe, 326 U.S. at 320).  In this regard, it must be reasonable to require the defendant to litigate the suit in the forum state, and a court may consider the following factors to determine reasonableness: the burden on the defendant, the

9

forum state's interest in adjudicating the dispute, the
plaintiff's interest in obtaining convenient and effective
relief, the interstate judicial system's interest in obtaining
an efficient resolution of controversies, and the shared
interest of the several States in furthering fundamental
substantive social policies.  Id. at 477 (citing World Wide
Volkswagen, 444 U.S. at 292).

### b. Analysis of Personal Jurisdiction

Defendant Stack argues that this Court does not have
personal jurisdiction over him.  With respect to general
personal jurisdiction, Defendant asserts that "there are no
allegations in the Amended Complaint regarding any contacts by
Mr. Stack with the State of New Jersey, let alone contacts that
would establish the requisite continuous and systematic contacts
necessary to establish general jurisdiction."  (ECF 3-1 at 10).
With respect to specific personal jurisdiction, Defendant argues
that "there are no allegations that Mr. Stack had any contacts
with the State of New Jersey specifically related to the facts
giving rise to this lawsuit."  (ECF 3-1 at 10).

In response, Plaintiff argues that there is personal
jurisdiction over Stack.  (ECF 8 at 5).  He asserts that there
is jurisdiction pursuant to New Jersey's long arm statute, as
Defendant has commercial enterprises, namely Dick's Sporting
Goods, which "frequently contracts for goods in other states by

10

telephone, mail, fax and or internet." (Id. at 3). Moreover, Plaintiff avers that Defendant is the Executive Chairman and controlling shareholder of Dick's Sporting Goods. As such, he explains, Defendant has "influence of corporation activities." (Id. at 5). Plaintiff argues that by way of his role in Dick's Sporting Goods, Defendant "reap[s] the benefits" of doing business in New Jersey, and thus he should also "bare the burden." (Id.). He concludes that "Mr. Stack, Executive Chairman avails himself of the opportunity to engage in a commercial transaction involving activities in this state." (Id. at 6).

This Court does not have general personal jurisdiction over Defendant Stack. The record establishes that Stack is domiciled in Pennsylvania, and therefore general personal jurisdiction over Defendant is limited to Pennsylvania. Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 924 (2011) ("For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile"). That Stack is the chief executive and major shareholder of a corporation doing business in New Jersey is also insufficient to establish general personal jurisdiction over Stack, especially where, as here, that entity itself is not at home in this forum state. See Seltzer v. I.C. Optics, Ltd., 339 F. Supp. 2d 601, 609 (D.N.J. Jul. 11, 2004) ("It is well-established in New Jersey that the

11

forum contacts of a subsidiary corporation will not be imputed
to a parent corporation for jurisdictional purposes without a
showing of something more than mere ownership.").  "The paradigm
all-purpose forums for general jurisdiction are a corporation's
place of incorporation and principal place of business."
Daimler, 571 U.S. at 118.  Dick's Sporting Goods' place of
incorporation is Delaware and principal place of business is
Pennsylvania.  (ECF 5 at ¶ 19).  For these reasons, the Court
does not have general personal jurisdiction over Defendant
Stack.

Plaintiff has not presented sufficient facts to establish
specific personal jurisdiction over Defendant Stack.  While
Plaintiff alleges in his response that Defendant Stack has
purposefully availed himself of the New Jersey forum by way of
his role in a corporation that does business in New Jersey,
Plaintiff does not point to any contacts that Defendant Stack
has with the forum state that gave rise to the allegations in
his complaint.  Defendant Stack's mere role as a shareholder
does not establish personal jurisdiction over him in New Jersey,
as "actions taken *within the forum state* by a corporate official
in his official capacity may be considered for purposes of
establishing jurisdiction over him in his individual capacity.
However, actions taken by an individual in his corporate
capacity outside the forum state are not necessarily enough to

establish jurisdiction over the individual." Educ. Testing
Serv. v. Katzman, 631 F. Supp. 550, 559 (D.N.J. 1986).  Here,
Plaintiff has not alleged any actions taken within the forum
state.

Moreover, for a Plaintiff to "impute the jurisdictional
contacts" of a corporation to a shareholder so as to subject the
shareholder defendant to personal jurisdiction, "Plaintiff must
present sufficient facts to support a showing of piercing the
corporate veil." Air Sea Int'l Forwarding, Inc. v. Glob.
Imports & Trading, Inc., No. 03-268, 2008 WL 11510000, at *9
(D.N.J. Apr. 18, 2008), report and recommendation adopted, No.
03-268, 2008 WL 11509999 (D.N.J. June 3, 2008)  New Jersey
follows the "the fundamental proposition that a corporation is a
separate entity from its shareholders, and that a primary reason
for incorporation is the insulation of shareholders from the
liabilities of the corporate enterprise." Richard A. Pulaski
Constr. Co. v. Air Frame Hangars, Inc., 950 A.2d 868 (N.J.
2008).

As such, "[e]xcept in cases of fraud, injustice, or the
like, courts will not pierce a corporate veil." Id. (internal
citations and quotations omitted) (alteration in original)."
Importantly, "[t]he purpose of the doctrine of piercing the
corporate veil is to prevent an independent corporation from
being used to defeat the ends of justice, to perpetrate fraud,

13

to accomplish a crime, or otherwise to evade the law." <u>State, Dep't of Env't Prot. v. Ventron Corp.</u>, 468 A.2d 150, 164 (N.J. 1983) (citations omitted).  Accordingly, the party seeking to pierce the corporate veil "bears the burden of proving that the court should disregard the corporate entity." <u>Tung v. Briant Park Homes, Inc.</u>, 670 *A*.2d 1092 (N.J. Super. App. Div. 1996)."

Plaintiff has not alleged that Defendant Stack had any direct involvement in the conduct underlying his claims.  He does not allege that Stack participated in any conduct against him in New Jersey nor does he allege that Stack used the corporate entity as a shield for his own fraud or criminal conduct.  Plaintiff has not demonstrated that the corporate veil should be pierced.  As such, any alleged actions by Dick's Sporting Goods, Inc. may not be imputed on Stack for purposes of establishing jurisdiction.

Plaintiff has not pointed to any actions, conduct, or contacts that Defendant Stack himself took in New Jersey in any capacity.  Thus, because he cannot impute Dick's Sporting Goods' actions upon Stack and Plaintiff has not alleged any specific conduct in New Jersey by Stack, Plaintiff has not established sufficient minimum contacts to establish specific personal jurisdiction over Defendant Stack.

Therefore, Defendant Stack's motion to dismiss for lack of personal jurisdiction will be granted.[5]

### c. Dismissal Instead of Transfer

In certain circumstances, a Court may transfer an action to the appropriate forum rather than dismiss the action in the interest of justice.  See, e.g., Chavez v. Dole Food Co., Inc., 836 F.3d 205, 224 (3d Cir. 2016).  We decline to transfer this matter to a federal court with personal jurisdiction over defendant, as the interests of justice do not so require where transfer would be futile.  While we do not issue a final decision on any of these points, we note weaknesses in Plaintiff's case that counsel against discretionary transfer.

First, Defendant asserts an issue with service of process. (ECF 3-1 at 11).  If the complaint was not properly served, the action may be dismissed under Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process.  See Fed. R. Civ.

---

[5] In his letter dated April 1, 2022, docketed on April 7, 2022, Plaintiff requested pro bono counsel pursuant to the "Tabron factors."  (ECF 6 at 1).  The decision to appoint pro bono counsel involves a two-step analysis.  First, a court must determine as a threshold matter whether plaintiff's claim has "some merit in fact and law."  Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993).  Although Plaintiff cites the jurisdictional issues as support for his need for appointed counsel, there is no factual or legal support for finding personal jurisdiction over Defendant Stack.  As such, we will not appoint counsel.  As this case will not proceed beyond the personal jurisdiction analysis, we need not determine whether appointing counsel would be appropriate based on any other element of Plaintiff's case.

P. 12(b)(5).  Pursuant to New Jersey Court Rule 4:4-4(b) service
of an out of state individual may be made by personal service of
the individual or simultaneous certified mail and regular mail
to "the individual's dwelling house or usual place of abode."
The Proof of Service docketed purporting service of "Edward
Stacks" states that the complaint and summons was served via
delivery to Joe Procacci, manager of the Dick's Sporting Goods
located at 3849 South Delsea Drive, Vineland, NJ 08360.  (ECF 1-
13).  This service does not comply with the New Jersey
requirements for serving an individual.  We do not reach the
analysis of whether good cause exists for an extension, but
merely note this service issue.  Petrucelli v. Bohringer and
Ratzinger, 46 F.3d 1298, 1305 (3d Cir. 1995).

    Second, Defendant argues that Plaintiff filed his
defamation claim past the applicable statute of limitations.
(ECF 3-1 at 13).  Under New Jersey law, there is a one-year
statute of limitations for defamation claims.  N.J.S.A. 2A:14-3.
Defendant explains that the allegations giving rise to the
defamation claim were alleged to have occurred on January 29,
2018.  (ECF 3-1 at 14).  Further, they state that the initial
complaint in this action was filed on July 21, 2021, which is
more than three years after the factual allegations.  (Id.).
Again, without deciding whether the defamation claim is time-
barred, we note this potential barrier to a successful claim.

16

Finally, it is clear from Plaintiff's response that he seeks to hold Defendant Stack vicariously liable for the alleged defamation, negligence, false imprisonment, and wrongful arrest based on his role as "Executive Chairman and controlling shareholder." (ECF 8 at 7). This presents a question of whether Plaintiff may pierce the corporate veil. "Except in cases of fraud, injustice, or the like, courts will not pierce a corporate veil." Richard A. Pulaski Constr. Co. v. Air Frame Hangars, Inc., 950 A.2d 868 (N.J. 2008) (internal citations and quotations omitted) (alteration in original). As discussed above, Plaintiff does not put forth any argument that the purpose of the corporate entity here is for use as a shield in furtherance of fraud or in order to engage in illegal conduct. Moreover, there are no facts alleged to suggest that Defendant Stack was involved in any of the alleged conduct. Thus, the issue of whether Defendant Stack may be insulated from suit based on his role as a shareholder presents another barrier to Plaintiff's claims.

Considering these obstacles to Plaintiff proving his claims, even in the correct forum, we decline to transfer this matter. We will instead dismiss this matter without prejudice.

## CONCLUSION

For the reasons expressed above, Defendant Stack's motion to dismiss the complaint for lack of jurisdiction will be

granted.  As noted above, while the Removal Petition sought removal by all three Defendants named in state court only Defendant Stack is a proper Defendant in federal court as Dick's Sporting Goods, Inc. was dismissed as Defendant in state court prior to removal and Loss Prevention is not an entity amenable to suit in any court.  Accordingly, the Clerk will be directed to remove Dick's Sporting Goods, Inc., named on the docket as Dick's Sporting Goods Corp., and Loss Prevention as party Defendants and mark this matter as closed.

An appropriate order will be entered.


Date: February 23, 2023                s/ Noel L. Hillman
At Camden, New Jersey                  NOEL L. HILLMAN, U.S.D.J.